■ Gerard R. Boyce, Appellant, v Wendy Lee Boudreau Boyce, Respondent. [656 NYS2d 670] —In a matrimonial action in which the parties were divorced by judgment entered May 25, 1995, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered February 22, 1996, as granted those branches of the motion of the defendant former wife which were (1) to direct the plaintiff to pay her $15,750 representing a distribution of alleged separate property and (2) for counsel fees to the extent the court awarded the defendant $3,000 in counsel fees.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were (1) to direct the plaintiff to pay her $15,750 and (2) for counsel fees are denied.

The former husband and the former wife (hereinafter the husband and the wife) entered into a separation agreement (hereinafter the agreement), which, *inter alia,* recognized that the wife was entitled to $31,500 in separate property. In order for her to receive this separate property, the agreement stated that, upon the sale of the marital residence, "the wife shall first be paid the amount of THIRTY-ONE THOUSAND FIVE HUNDRED and No/100ths dollars ($31,500)" and then the proceeds from the sale would be divided equally. After the division of the proceeds from the sale of the marital residence, pursuant to the agreement, the wife moved for relief regarding several issues. She contends that by first distributing to her $31,500 and then dividing the remaining proceeds of the sale of the marital residence, the $31,500 was coming out of marital property, one half of which was hers. Thus, according to her, she actually only received one half of her separate property. She argued that, in order for her to receive the full amount of separate property she was due, it was necessary that the entire proceeds of the sale of the marital residence be divided first, and then

the $31,500 should be distributed from the husband's share. Thus, she contended that the husband still owed her $15,750, representing the one-half share of her separate property which she claims she did not receive. The Supreme Court agreed with the wife, and directed the husband to pay her the additional $15,750. The calculations of the wife and the Supreme Court are incorrect.

Pursuant to the agreement the wife was to receive $31,500, representing her separate property, from the net proceeds of the sale of the marital residence and the balance of the net proceeds was to be divided equally. Thus, after the division, the wife should have $31,500 more than the husband, representing her separate property. Following the division of the money as set out in the agreement, the husband received $149,508 and the wife received $181,008. Thus, by the method set out in the agreement, the wife correctly received $31,500 more than the husband. By the method proposed by the wife and imposed by the Supreme Court, the husband would receive $133,758 and the wife would receive $196,758. Thus, by this method, the wife would receive $63,000 more than the husband. The method chosen by the wife and the Supreme Court incorrectly counts the $31,500 first as marital property and then again as separate property.

Finally, the wife was awarded counsel fees pursuant to the separation agreement, which granted counsel fees to the prevailing party in any action or proceeding to enforce the agreement. However, since the wife should not have prevailed on the above issue, which represented the bulk of the relief involved in the wife's motion, she should not have been awarded counsel fees. Rosenblatt, J. P., Ritter, Thompson and Sullivan, JJ., concur.